UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JACOB RENTAUSKAS,<br><br>Plaintiff,<br><br>v.<br><br>CATHY COLLINS, et al.,<br><br>Defendants. | CAUSE NO. 3:20-CV-768-JD-MGG |

OPINION AND ORDER

Jacob Rentauskas, a prisoner without a lawyer, filed a complaint alleging excessive force was used against him at the Fulton County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Rentauskas alleges he was in a holding cell as a pre-trial detainee on September 2, 2019, when Correctional Officer Russell told him to stand against the back wall. Rentauskas alleges he "immediately complied and stood defenseless at the back of my cell." ECF 1 at 3. Officer Russell, Assistant Jail Commander Marty, and Correctional Officer Temmy entered his cell with a restraint chair and ordered him to sit down.

Rentauskas alleges he peacefully walked to the chair and sat. Assistant Commander Marty allegedly placed him in a headlock which broke a tooth and cut off his airway. After Officer Russell strapped him into the chair, Officer Temmy applied a Taser to his body. Jail Commander Cathy Collins is alleged to have observed these events.

A pre-trial detainee cannot be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). However, "[i]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id*. at 539. "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Id*. "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (*quoting Bell*).

Here, Rentauskas has plausibly alleged an intent to punish. Based on the facts alleged, neither the headlock, the restraint chair, nor the use of the Taser were reasonably related to a legitimate governmental objective. This states a claim against Correctional Officer Russell, Correctional Officer Temmy, and Assistant Jail Commander Marty. In addition, "police officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail to do so [may be] held liable." *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000). Based on the facts alleged, Commander Collins had a realistic

opportunity to have stopped Russell, Temmy, and Marty from using excessive force, therefore the complaint states a claim against her for failure to intervene.

For these reasons, the court:

(1) GRANTS Jacob Rentauskas leave to proceed against Assistant Jail Commander Marty in his individual capacity for compensatory and punitive damages for placing him in a restraint chair and a headlock on September 2, 2019, in violation of the Fourteenth Amendment;

(2) GRANTS Jacob Rentauskas leave to proceed against Correctional Officer Russell in his individual capacity for compensatory and punitive damages for placing him in a restraint chair on September 2, 2019, in violation of the Fourteenth Amendment;

(3) GRANTS Jacob Rentauskas leave to proceed against Correctional Officer Temmy in his individual capacity for compensatory and punitive damages for placing him in a restraint chair and applying a Taser to his body on September 2, 2019, in violation of the Fourteenth Amendment;

(4) GRANTS Jacob Rentauskas leave to proceed against Jail Commander Cathy Collins in her individual capacity for compensatory and punitive damages for failing to intervene to prevent him from being placed in a restraint chair, placed in a headlock, and Tasered on the body on September 2, 2019, in violation of the Fourteenth Amendment;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Assistant Jail Commander Marty, Correctional Officer Russell, Correctional Officer Temmy, and Jail Commander Cathy Collins at the Fulton County Jail, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(7) ORDERS the Fulton County Sheriff's Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Assistant Jail Commander Marty, Correctional Officer Russell, Correctional Officer Temmy, and Jail Commander Cathy Collins to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 26, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT